# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: H.M. & C.M.**

**No. 14-0037** (Nicholas County 13-JA-52 & 13-JA-53)

**FILED**

June 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Mother, by counsel Jennifer D. Crane, appeals the Circuit Court of Nicholas County's December 20, 2013, order terminating her parental and custodial rights to the children, H.M. and C.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, filed its response in support of the circuit court's order. The guardian ad litem, Julia R. Callaghan, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in finding aggravated circumstances existed, denying her a post-adjudicatory improvement period, and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2013, the DHHR filed an abuse and neglect petition against the parents, alleging that they were unable to provide the children with a safe and suitable home. At the time, the DHHR alleged that petitioner was on bond for a felony child neglect charge and, as a condition thereof, was allowed no contact with the children. The DHHR further alleged that the father suffered from a seizure disorder that rendered him unable to be the children's sole caretaker. Further, the father was residing with relatives who were filing a domestic violence petition against him. That same month, the parents waived their right to a preliminary hearing.

In October of 2013, the DHHR filed an amended petition alleging that the parents have a history of homelessness; that petitioner has a history of erratic behavior, misuse of medication, and driving under the influence with her children in the car; that petitioner gave C.M.'s Adderall to H.M.; that petitioner admitted to ingesting the child's Adderall; that both parents have a history of Child Protective Services ("CPS") involvement in North Carolina and South Carolina due to homelessness and petitioner's drug abuse; that the parents' third child is in a relative placement pursuant to an abuse and neglect proceeding in North Carolina; and that the father was convicted of the felony offense of unlawful conduct toward his child in South Carolina.

On October 15, 2013, the circuit court held an adjudicatory hearing and found the parents to be abusing parents. In reaching this determination, the circuit court noted that because of

1

petitioner's criminal charge of child neglect, she was not allowed contact with the children. Additionally, the father was residing at a homeless shelter in Kanawha County at the time. Petitioner refused to answer any questions regarding the allegations or otherwise testify at adjudication. The circuit court also found that the DHHR made reasonable efforts to prevent the children's removal by offering services pursuant to a safety plan with the father. Following the adjudicatory hearing, petitioner filed a motion for a post-adjudicatory improvement period.

In November of 2013, the circuit court held a dispositional hearing and heard testimony regarding petitioner's psychological evaluation. Both parents also testified at this hearing. The circuit court found that the parents had two prior abuse and neglect cases in other states based on the same issues present in the current matter, and that one of the proceedings placed an older child with relatives and denied the parents visitation. The circuit court found that this was involuntary as it required court intervention. The circuit court found aggravated circumstances existed because of the prior proceedings, as well as petitioner taking the child's medication, and the father's prior conviction for felony neglect in regard to the children. The circuit court then denied petitioner an improvement period and terminated the parents' parental and custodial rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). As discussed below, upon our review, the Court finds no error.

To begin, it is clear that termination of petitioner's parental and custodial rights was not error, due to the lengthy pattern of abuse and neglect to which she subjected the children and because it was clear that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future. In the dispositional order, the circuit court noted that petitioner was "presently unwilling or unable to provide adequately for the children's needs" and that the inability was not due to "mental or physical limitations" that would prevent her from "establishing an appropriate home for the children . . . ." Instead, the circuit court found that petitioner had subjected the children and an older child to chronic neglect beginning as early as 2006. Since that time, there have been multiple abuse and neglect proceedings predicated on

2

the same issues of abuse and neglect present in the current matter. The circuit court specifically found that petitioner's homelessness, erratic behavior, and substance abuse issues have persistently existed since 2006. While it is true that petitioner previously complied with services in another state sufficient to have the children returned to her custody, she has not remedied the issues as evidenced by the most recent DHHR petition for abuse and neglect.

Pursuant to West Virginia Code § 49-6-5(b)(1), a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future includes circumstances in which

> [t]he abusing parent . . . [has] habitually abused or are addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and such person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

The record is clear that the circuit court had sufficient evidence upon which to make its finding in this regard, including petitioners past failures to remedy this chronic issue during prior abuse and neglect proceedings. Further, the circuit court was presented with expert testimony from the psychologist who evaluated petitioner, who testified that the prognosis for petitioner's improvement was "virtually nonexistent." The psychologist based her opinion "on the fact that the same problems that existed in June [of] 2005 in North Carolina still exist today."

Additionally, the psychologist testified that petitioner "consistently lied, provided misleading or minimized information," and actually appeared to be under the influence during the interview as evidenced by her slurred speech and the fact that she fell asleep in the testing room. Ultimately, the psychologist testified that petitioner has failed to acknowledge that she has a problem, lacks the insight or willingness to change, and simply avoids having her parental rights terminated by moving or meeting minimum requirements when left with no choice. Based upon this evidence, the Court finds that the circuit court was presented with sufficient evidence upon which to find that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of parental and custodial rights was necessary for the children's well-being. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

This evidence also supports the circuit court's decision to deny petitioner an improvement period. At the beginning of the dispositional hearing, the circuit court summarily denied petitioner's motion for a post-adjudicatory improvement period and indicated that it would instead consider a dispositional improvement period after taking additional evidence at that hearing. While it is true that the dispositional order does not contain detailed findings regarding the circuit court's reasons for denying petitioner a dispositional improvement period, the Court finds no error in this regard in light of the evidence in the record that supports the denial.

Pursuant to West Virginia Code § 49-6-12(c)(2), a circuit court has discretion to grant a dispositional improvement period if the parent "demonstrates, by clear and convincing evidence,

3

that [he or she] is likely to fully participate in the improvement period . . . ." The record here is clear that petitioner could not satisfy this burden. Although petitioner submitted a detailed motion for a post-adjudicatory improvement period that included specific requests for services that could address the underlying issues of abuse and neglect, the evidence shows that petitioner was unable to fully comply with the terms of any improvement period.

> We have previously held that
>
> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, --, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). As noted above, petitioner's psychological evaluation revealed that she "does not see a problem" in regard to the abuse and neglect to which she has subjected the children. While petitioner may have expressed a desire to engage in an improvement period and professed a willingness to fully participate in the same, there was sufficient evidence presented to overcome her own self-serving testimony, including the expert testimony and the extended history of the same issues of abuse and neglect being present. For these reasons, the Court finds no error in the circuit court denying petitioner an improvement period.

Finally, petitioner argues that the circuit court erred in finding aggravated circumstance pursuant to West Virginia Code § 49-6-5(a)(7)(A) because the conditions in the proceedings below are not as severe as those enumerated in the statute. Petitioner's main argument on this point is that she should have been entitled to services, which she alleges were denied because of the circuit court's finding that the aggravated circumstances absolved the DHHR of its responsibility to make reasonable efforts to preserve the family. However, this argument ignores the fact that petitioner received services throughout the proceedings and was not entitled to additional services at the dispositional phase because of the circuit court's decision to terminate her parental and custodial rights. In fact, petitioner even admits that the DHHR developed a rehabilitative plan for her to receive services, including a psychological evaluation and transportation services.

According to petitioner, she should have been entitled to visitation and drug rehabilitation, among other services. However, the Court notes that these services were not mandatory, and, in fact, visitation was not available because of petitioner's criminal actions. In its adjudicatory order, the circuit court noted that "petitioner was charged with [c]hild [n]eglect and can have no contact with the children." As such, it is clear that petitioner was prohibited from having visitation with the children, the aggravated circumstance finding notwithstanding. Further, the record is clear that the DHHR exhausted reasonably available services in an effort to preserve the family from the case's inception through disposition. In its Amended Initial Order Upon Filing Of Petition, the circuit court noted that "the [DHHR] made reasonable efforts by

4

implementing a safety plan in this matter," however the father violated the same and petitioner was restricted as to her contact with the children. Additionally, as noted above, it is undisputed that the DHHR provided transportation services so petitioner could participate in the Multidisciplinary Team meetings and hearings. Finally, while petitioner argues that she should have been entitled to drug rehabilitation, the record shows that petitioner did enroll in a detoxification program but checked herself out against medical advice. For these reasons, the Court finds that petitioner's argument as to being denied services due to the findings of aggravated circumstances is without merit because the DHHR made reasonable efforts to preserve the family and because additional services were unavailable due to the circuit court's decision to terminate petitioner's parental and custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court and its December 20, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: June 2, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II